UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID LEE BALLARD, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2429 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

**I.   INTRODUCTION**

The petitioner, David Lee Ballard, seeks a writ of habeas corpus challenging a state court conviction for felon in possession of a firearm, pursuant to 28 U.S.C. § 2254. The respondent filed a motion for summary judgment arguing that the petition fails to establish that the state court's rejection of his complaint was objectively unreasonable. The petitioner has filed a reply. (Docket No. 18). After considering the pleadings and the applicable law, the Court determines that the respondent's motion for summary judgment should be granted and the petitioner's case should be dismissed.

**II.   BACKGROUND**

The petitioner is currently in the custody of the Texas Department of Criminal Justice ("TDCJ") as the result of a conviction for a "felon in possession of a firearm". He was also charged with the felony offense of "theft of a firearm" and the state jail offense of "possession of a controlled substance." The record shows that on October 21, 2015, the petitioner entered a plea of "guilty" to the charge of "felon in possession of a firearm". The remaining pending charges were dismissed as part of the plea agreement. Thereafter, the petitioner filed a state writ

of habeas corpus challenging his state writ of habeas corpus was denied on the merits by the Criminal Court of Appeals.

On August 8, 2016, the petitioner filed his federal writ of habeas corpus challenging his firearm conviction pursuant to 28 U.S.C. § 2254. On October 28, 2016, the respondent moved for summary judgment. On January 12, 2017, the petitioner responded by filing a cross-motion for summary judgment. (Docket No. 18).

### III. THE PARTIES' CONTENTIONS

#### A. *Petitioner's Contentions*

The petitioner contends that his due process rights were violated by the Houston Police Department ("HPD") when they failed to bring him before a magistrate judge for a "probable cause" hearing within 48 hours of his arrest. Further, he asserts that denial of a "probable cause" hearing implies that he was the subject of a false arrest. His rights were further violated when he was denied a bond. In response to the respondent's motion for summary judgment, the petitioner argues that his Fourth Amendment claims should not be barred because the jail library resources provided to him for researching his case were inadequate; therefore, he was denied a full and fair opportunity to properly litigate his claims. In further response, the petitioner claims that his attorney was ineffective. He contends that his attorney failed to file a motion to suppress the evidence seized at his arrest in violation of the Fourth Amendment. Accordingly, the petitioner contends that the Court should deny the respondent's motion for summary judgment and grant his writ.

#### B. *Respondent's Contentions*

The respondent contends that its motion for summary judgment should be granted because the petitioner has failed to show that the state court's rejection of his state writ was

objectively unreasonable. The respondent argues that in order for the petitioner to have a successful federal writ he must show that fair-minded jurists could disagree concerning the correctness of the state court's decision. Further, the respondent argues that the state court's ultimate decision should be the sole test of unreasonableness, and not the court's basis for reasoning.

Next, the respondent asserts that the fact made by a state court are presumed to be correct and should override the typical standard in summary judgment proceedings. Moreover, the respondent contends, the petitioner should be barred from asserting a Fourth Amendment claim because he failed to litigate the claim in state court and by voluntarily executing a plea agreement. This conduct demonstrates that the petitioner understood the maximum prison term and fine that he was exposed. Accordingly, the petitioner's writ of habeas corpus should be dismissed.

## IV. LEGAL STANDARD

### A. *The Anti-Terrorism and Effective Death Penalty Act*

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by. . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, a court determines: (1) what was the decision of the state courts with regard to the questions [raised] and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc); *see also Pape v. Thaler*, 645 F.3d 281, 292-93 (5th Cir. 2011).

B. ***Summary Judgment in Habeas Corpus Proceedings***

A district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty*

*Lobby*, 477 U.S. 242, 255 (1986) (The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). This principle is limited, however; Rule 56 applies insofar as it is consistent with established habeas practice and procedure. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases). However, § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party. *See Id*. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" regarding the state court's findings of fact, those findings must be accepted as correct. *Id*.

## V. DISCUSSION AND ANALYSIS

The petitioner raises Constitutional violations committed by the government as claims for relief[1]. To obtain relief, the petitioner must establish that the state court either made an unreasonable application of Supreme Court precedent or made an unreasonable determination of the fact in light of the evidence. *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012). The petitioner does not assert that the state court's findings were contrary to Supreme Court precedent. As well, the petitioner has failed to present evidence, clear and convincing or otherwise, establishing that the state court's final conclusion was contrary to the evidence. The petitioner entered a plea of guilty, which plea waived all non-

---

[1] The Court has noted that the petitioner has included additional claims in the response to the respondent's motion for summary judgment. However, these new claims have no merits and will not be addressed by the Court because they were not properly brought before the Court. *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073 (5th Cir. 1990)

jurisdictional defects that may have occurred before the plea, including his Fourth Amendment claim, except the ability to challenge the voluntariness of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). In that regard, the evidence shows that the petitioner was fully admonished in open court and has not specifically alleged that he was forced or threatened into entering the plea. A guilty plea waives all non-jurisdictional defects occurring before entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Challenges to a conviction arising from a guilty plea are limited to a consideration of voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995). Therefore, there are no grounds upon which relief may be granted regarding the petitioner's writ.

## VI. CONCLUSION

For the foregoing reasons, the respondent's motion for summary judgment is **GRANTED**, and the petitioner's writ of habeas corpus is **DISMISSED**.

## VII. CERTIFICATE OF APPEALABILITY

Petitioner has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully considered each of the petitioner's claims. While the issues raised are clearly important and deserving of the closest scrutiny, this Court finds that each of the claims is foreclosed by clear, binding precedent. This Court concludes that under such precedents, the petitioner has failed to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

It is so Ordered.

SIGNED on this 29th day of June, 2017.

_____
Kenneth M. Hoyt
United States District Judge